UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Kschawna Griffin,** | ) | **CASE NO. 1: 21 CV 2090** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **IIP Management, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

This is a removed state court eviction action. Kschawna Griffin, proceeding *pro se*, initiated this action by filing a "Petition Notice For Removal of Action" and "Complaint [for] Preliminary and Permanent Injunction [and] Temporary Restraining Order." (Doc. No. 1). In this pleading, Ms. Griffin purports to remove a Complaint for Forcible Entry and Detainer filed against her in Cleveland Municipal Court by IIP Management LLC. *See* Doc. No. 1-1, *IIP Management, LLC v. Kschawna M. Griffin*, No. 21 CVG 009122 (Cleveland Mun. Ct.).

The Court finds that there is no basis for an exercise of federal removal jurisdiction and that this action must be remanded to Cleveland Municipal Court.

A defendant may remove "any civil action brought in State court of which the district courts have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction only over civil actions that arise under the Constitution, laws, or treaties of the United States, and over cases that involve parties of diverse citizenship meeting an amount-in-controversy requirement of $75,000, exclusive of costs and interest. *See* 28 U.S.C. §§ 1331; 1332(a). The party seeking removal bears the burden of demonstrating that the district court has

original jurisdiction, and a case must be remanded if it appears at any time that the district court lacks subject-matter jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006); 28 U.S.C. § 1447(c) ("If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Ms. Griffin has not demonstrated, and the Court does not find, any valid basis for an exercise of federal removal jurisdiction in this case.

Although Ms. Griffin purports to assert defenses to the Municipal Court eviction action in the pleading she has filed, including that the eviction proceeding violates her rights arising under federal laws (*see* Doc. No. 1 at 1), removal jurisdiction based on a federal question is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint in the Municipal Court eviction action on its face alleges no cause of action arising under federal law. Rather, the complaint alleges claims only arising under Ohio law. (*See* Doc. No. 1-1.) Federal defenses are an insufficient to ground to establish federal question removal jurisdiction. *Caterpillar*, 482 U.S. at 392-93.

There is also no basis for removal on the basis of diversity jurisdiction. Ms. Griffin represents that she is an Ohio citizen, and an action may not be removed on the basis of diversity "if any of the parties . . . served as defendants [in the state action] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Further, she has not demonstrated that the amount in controversy exceeds $75,000 exclusive of costs and interests.

**Conclusion**

Accordingly, there being no valid basis for an exercise of federal removal jurisdiction in

this case, the action will be remanded to Cleveland Municipal Court in accordance with 28 U.S.C. § 1447(c). The Court further certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1447(d).

    IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Court
                                        Chief Judge

Dated: 12/9/21